

FILED

JAN 21 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA SERVED ON JAMES MOYER | Case No. 1:25 MC 02<br><br>Judge **JUDGE CALABRESE** |

## MOTION TO QUASH SUBPOENA TO JAMES MOYER

James Moyer (the "Movant"), through counsel and pursuant to Federal Rules of Civil Procedure 26 and 45, moves this Court to quash the deposition subpoena issued to him by Plaintiff in *SRH Holdings, Inc. v. Government Employees Insurance Co.*, D. Mass. No. 1:23-cv-10325, because there are defects in the subpoena, it did not provide reasonable time to comply, and is an undue burden as it seeks irrelevant information. The reasons for this motion are more fully explained in the attached Memorandum of Law.

Respectfully submitted,

*/s/ Tiffany L. Carwile*

Tiffany L. Carwile (0082522)
Stefanie L. Coe (0078265)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio 43215
Ph: (614) 460-1600
Email:  tcarwile@arnlaw.com
        scoe@arnlaw.com

*Counsel for James Moyer*

$52.00 Paid 1/21/25. Receipt #156284. AE

## MEMORANDUM OF LAW

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that "the court for the district where compliance is required must quash" a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." District court's may also quash a subpoena if it does not comply with the requirements set forth in Rule 45. *See, e.g., Hill v. Homeward Residential*, 799 F.3d 544, 552-53 (6th Cir. 2015) (affirming the grant of a motion to quash when "subpoena failed several aspects of Federal Rule of Civil Procedure 45").

Here, the subpoena requires compliance in this Court, as the subpoenaed deposition would be conducted over Zoom, meaning that James Moyer would participate in his home in Avon, Ohio. Ex. A (Subpoena); Declaration of James Moyer at ¶ 1. However, this Court should quash the subpoena purportedly issued to Mr. Moyer because the subpoena fails several aspects of Rule 45, fails to allow a reasonable time to comply, and subjects Mr. Moyer to undue burden.

**A. The Subpoena Fails Several Aspects of Rule 45.**

Rule 45 contains several requirements in order to properly serve an individual with a subpoena. The subpoena "must state the method for recording the testimony." Fed. R. Civ. P. 45(a)(1)(B). The subpoena here does not comply with this requirement, as the method for recording was left blank. *See* Ex. A.

Rule 45 also provides for service on the individual, which "requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Courts generally construe this Rule as requiring "personal service." *Damsi v. Tarpstop, LLC*, 2023 U.S. Dist. LEXIS 232904, at *30 (N.D. Ohio Oct. 19, 2023). While courts sometimes permit alternative means of service, such alternative

means are only permitted "after the party requesting the accommodation diligently attempted to effectuate personal service." *Id.* at *31

Plaintiff did not properly serve the subpoena on Mr. Moyer. Instead, Plaintiff left a copy of the subpoena at a residence. Such actions do not constitute service for at least two reasons. First, the Federal Rules of Civil Procedure specifically delineate between service by "delivering a copy" and by "leaving a copy . . . at the individual's dwelling." Fed. R. Civ. P. 4(e)(2); *see also Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996) (noting that a federal law provided for service through "personal service *or* leaving a copy . . . at the person's last and usual place of abode" (quotation omitted)). Because the Rules set forth that delivering a copy and leaving a copy at a person's residence are two *separate* methods of service, Rule 45's use of "delivering a copy" *cannot* include leaving a copy of the subpoena at a person's residence.

Second, even if leaving a copy at a residence was sufficient (it is not), such method could only be used *after* requesting different service and *after* "diligently attempt[ing] to effectuate personal service." *Damsi* at *31. Yet, there is nothing on the docket indicating that the plaintiff requested alternative service or was diligent in attempting to effectuate personal service. *See* Ex. B (D. Mass. Docket).

Accordingly, because the plaintiff failed to comply with the requirements of Rule 45, this Court should quash the subpoena. *Hill* at 552-53.

### B. The Subpoena Fails to Allow a Reasonable Time to Comply.

The subpoena here was improperly left at a residence on January 17, 2023, but purports to require Mr. Moyer's attendance at a deposition on January 23, 2023. Moyer Decl. at ¶ 1; Ex. A. This is less than 7 days' notice, which is unreasonable. *See Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002) (holding that service within "one week" of the

deposition "did not provide for a reasonable time for compliance"); *see also Gentille v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 144025, at *10-11 (S.D. Ohio Oct. 18, 2016) (finding six days to be unreasonable); *Friedberg v. Madison Realty Invs., Inc.*, 2016 U.S. Dist. LEXIS 51826, at *2 (S.D. Ohio Apr. 18, 2016) (quashing subpoena that allowed only eleven days for compliance). Furthermore, Mr. Moyer is unavailable on January 23, 2023, as he has a previous commitment on that day. Moyer Decl. at ¶ 2.

Based on the failure to provide a reasonable time for compliance, this Court should quash the subpoena pursuant to Rule 45(d)(3)(i).

### C. The Subpoena Subjects Mr. Moyer to Undue Burden.

The subpoena here subjects Mr. Moyer to undue burden for at least three reasons: (1) the information sought is irrelevant, (2) the information sought is cumulative and can be obtained from the parties in the case, and (3) subjecting Mr. Moyer to a deposition prejudices Mr. Moyer's federal cases.

#### 1. Irrelevancy

First, Mr. Moyer does not have any testimony that would be relevant to the claims asserted in the Massachusetts case. This Court has held that the "scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedures is subject to the general relevancy standard applicable to discovery Under Fed. R. Civ. P. 26(b)(1)." *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, 2012 U.S. Dist. LEXIS 7275, at *3-4, 8 (N.D. Ohio Jan. 23, 2012) (quotation omitted) (granting motion to quash when subpoena sough irrelevant material); *see also Hilton-Rorar v. State & Fed. Communs., Inc.*, 2010 U.S. Dist. LEXIS 864, at *6 (N.D. Ohio Jan. 5, 2010) (quashing subpoena when "the documents demanded [were] not relevant to nor likely to lead to

relevant information"); *Johnson v. Guards Mark Sec.*, 2007 U.S. Dist. LEXIS 97915, at *4 (N.D. Ohio Mar. 30, 2007).

The plaintiff's allegations in the Massachusetts case involve the plaintiff, SRH Holdings, LLC's relationship with GEICO. Ex. C (D. Mass. Doc. 25—2d Am. Compl.). SRH Holdings was run by Richard Hurwitz and had a GEICO Field Representative agreement ("GFR agreement) with GEICO. *Id.* Plaintiff sold insurance policies on behalf of GEICO, but after some time, GEICO terminated the GFR agreement. *Id.* Plaintiff then filed a complaint (and subsequently two amended complaints) against GEICO, which is pending in the District Court of Massachusetts. *Id.* Plaintiff has seven claims: (1) breach of contract for wrongful termination, (2) renewal commissions for failure to pay commissions after terminating the GFR agreement; (3) unjust enrichment for failure to pay commissions after terminating the GFR agreement; (4) breach of the covenant of good faith and fair dealing for terminating the GFR agreement; (5) misrepresentation based on statements GEICO made to plaintiff that allegedly induced plaintiff to sign the GFR agreement; (6) violations of Mass. Gen. Laws ch. 149, § 148B, and (7) declaratory judgment regarding the non-compete provision in the GFR agreement violating Massachusetts law.

The first four claims relate to the terms of the GFR agreement and GEICO's termination of that agreement. Mr. Moyer is not a party to the agreement between SRH Holdings and GEICO, and he has no knowledge regarding SRH Holdings relationship with GEICO. Moyer Decl. at ¶¶ 3-4. Mr. Moyer also has no knowledge concerning GEICO's termination of the GFR agreement, or the policy renewals plaintiff alleges it is entitled to receive. *Id.* ¶¶ 6-8. Mr. Moyer simply has no testimony that could be relevant to claims 1-4.

Mr. Moyer also has no knowledge considering any representations GEICO made to SRH Holdings or Mr. Hurwitz before SRH Holdings signed the GFR agreement. *Id.* ¶ 5. Mr. Moyer

was not party to any negotiations between SRH Holdings and GEICO and has no idea what may or may not have been said. Mr. Moyer also has no knowledge as to whether any statements made by GEICO were false, as he has no knowledge concerning plaintiff's relationship with GEICO. *Id.* ¶ 4. Thus, Mr. Moyer has no relevant information regarding claim 5.

Claim 6 alleges a violation of Massachusetts law, specifically Mass. Gen. Laws ch. 149, § 148B. This section of Massachusetts law provides that an individual performing services "shall be considered" an employee unless "(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and (2) the service is performed outside the usual course of the business of the employer; and, (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed." Mass. Gen. Laws ch. 149, § 148B.

Mr. Moyer has no knowledge considering whether SRH Holdings was free from control and direction with regard to its relationship with GEICO. Moyer Decl. ¶ 9. While Mr. Moyer also had signed a GFR agreement with GEICO, Mr. Moyer lives in Avon, Ohio, and had his business in North Olmsted, Ohio. *Id.* ¶¶ 1, 12. His business was in a different region than SRH Holdings' business, and they did not have the same managers. *Id.* ¶ 12. Mr. Moyer has no personal knowledge regarding how GEICO treated insurance agents in Massachusetts, including plaintiff.

While Mr. Moyer could guess the types of services plaintiff provided GEICO by looking at the GFR agreement, Mr. Moyer has no direct knowledge regarding the services plaintiff performed. *Id.* ¶¶ 4, 10. Therefore, he has no personal knowledge regarding whether the performed services are outside the usual course of GEICO's business. *Id.* Lastly, because Mr. Moyer has no direct knowledge considering the services plaintiff performed, Mr. Moyer does

not know whether plaintiff engaged in an independently established trade, occupation, profession, or business in Massachusetts. *Id.* ¶¶ 4, 11. Furthermore, Mr. Moyer has no knowledge regarding whether the selling of insurance products constitutes an independent trade, occupation, profession, or business under Massachusetts law. *Id.* Accordingly, because Mr. Moyer has no knowledge concerning any of the factors contained in Mass. Gen. Laws ch. 149, § 148B, Mr. Moyer can offer no relevant testimony to support plaintiff's sixth claim.

Plaintiff's seventh claim is for declaratory judgment and claims that a non-compete provision in the GFR agreement violates Massachusetts law. Ex. C. Again, Mr. Moyer has no knowledge concerning the agreement between SRH Holdings and GEICO. *Id.* Furthermore, the provision should be plan on the face of the agreement; and thus, whether it violates Massachusetts law should be purely a legal question. Mr. Moyer can offer no testimony that would be relevant to determining whether plaintiff is entitled to a declaratory judgment regarding the non-compete provision.

Because Mr. Moyer has no relevant testimony as to any of plaintiff's claims, requiring him to sit for a useless deposition is an undue burden and violates Rule 26, which limits discovery to only relevant materials. Accordingly, this Court should quash the subpoena. *Hilton-Rorar* at *7 ("Because the information and documents Defendants seek, however, are not relevant to the underlying litigation, it is difficult to justify burdening a non-party with such a demand.").

### 2. Cumulative

In addition, "a court must limit discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Cleveland Clinic Health Sys.* at *5. As discussed above, SRH Holdings' claims all relate to *its* relationship GEICO. Together SRH Holdings and GEICO (the parties to the matter)

would have all the information needed to support or counter plaintiff's claims. Even if Mr. Moyer had knowledge relating to plaintiff's claim (he does not), all such information would merely be duplicative of the information possessed by the parties to the case. Mr. Moyer cannot offer anything new or different that cannot be obtained from GEICO or is already possessed by plaintiff.

Accordingly, because any information Mr. Moyer had regarding plaintiff's claims (he has none) would be duplicative and because other sources of information exist that are more convenient and less burdensome (*i.e.* the parties), this Court should grant Mr. Moyer's motion to quash the subpoena. *Id.*

### 3. Burdensome

Mr. Moyer has his own claims against GEICO based on his GRF agreement that are currently pending in this Court. *See JCM Ins. Servs., Inc. v. Gov't Empls. Ins. Co.*, N.D. Ohio No. 1:23-cv-1801. As such, Mr. Moyer is likely to be deposed by GEICO relating to Mr. Moyer's relationship with GEICO and his GFR agreement. Rule 30(d) of the Federal Rules of Civil Procedure limit depositions to "1 day of 7 hours." The committee notes to this rule state the reason for adding a time limitation was because "overlong depositions can result in undue costs and delays." Fed. R. Civ. P. 30 advisory committee's note. The committee notes further indicate that, absent agreement from the parties, "a court order is needed" to extend the time and the party seeking an extension must "show good cause to justify such an order." *Id.* Having Mr. Moyer testify at a deposition in the Massachusetts case would allow GEICO two depositions of Mr. Moyer without having to show good cause.

Additionally, because Mr. Moyer has a pending case against GEICO, there may be privileged matters to protect during any deposition. This means that undersigned counsel would need to be present for any deposition of Mr. Moyer, which increases the burden and costs. When

these burdens and costs are coupled with the complete irrelevancy of any testimony Mr. Moyer could provide, the clear conclusion is that this Court should quash the subpoena.

**D. Counsel Attempted to Resolve These Issues.**

Local Rule 37.1 requires the parties to meet and confer regarding discovery disputes. It is unclear whether this rule also applies to non-parties who are subject to a subpoena. However, counsel for Mr. Moyer did attempt to resolve this matter without court intervention. Counsel had two calls with plaintiff's counsel in an attempt to understand why Mr. Moyer was subpoenaed and what relevance his testimony could have to plaintiff's case. Declaration of Stefanie Coe. Unfortunately, counsel was not able to resolve Mr. Moyer's objections, which necessitated the filing of this motion.

Respectfully submitted,

*/s/ Tiffany L. Carwile*

Tiffany L. Carwile (0082522)
Stefanie L. Coe (0078265)
ARNOLD & CLIFFORD LLP
115 W. Main St., 4th Floor
Columbus, Ohio 43215
Ph: (614) 460-1600
Email: tcarwile@arnlaw.com
scoe@arnlaw.com

*Counsel for James Moyer*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a true and accurate copy of the forgoing motion was served via email upon the following:

    Michael B. Cosentino
    mcosentino@wcnllp.com

*Attorney for SRH Holdings, LLC*

                                                            */s/ Tiffany L. Carwile*
                                                            Tiffany L. Carwile