IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES MOYER,<br><br>    Movant,<br><br>vs.<br><br>SRH HOLDINGS, LLC,<br><br>    Interested Party. | CASE NO. 1:25-mc-2<br><br>DISTRICT JUDGE<br>J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

On February 10, 2025, I held a hearing by video on Movant James Moyer's Motion to quash subpoena, Docs. 1, 2. After discussion, I granted Moyer's Motion. I found that SRH Holdings did not comply with Federal Rule of Civil Procedure 45 and that a deposition would subject Moyer to an undue burden. Specifically, I found the following:

### 1.     SRH Holdings failed to comply with Rule 45

SRH Holdings has not complied with Rule 45. Rule 45(b)(1) requires a party to serve a subpoena by "delivering a copy to the named person." "The use of the word 'delivering' in subdivision (b)(1) … has been construed literally," and "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2454 (3d ed.); *see also Surbella v. Foley*, No. 2:05-cv-758, 2006 WL 3007429, at *2 (S.D. Ohio Oct. 20, 2006) ("Ordinarily, residence service is not good service of a deposition subpoena. Rather, personal service is required under

Rule 45(b)(1)") (citing *Klockner Namasco Holdings v. Daily Access.com*, 211 F.R.D. 685, 687 (N.D.Ga. 2002)). And "service on a person's lawyer will not suffice." Wright & Miller, *supra*.

Here, SRH Holdings did not deliver the subpoena to Moyer. Rather, it left the subpoena at Moyer's residence and sent a copy of the subpoena to Moyer's attorney. Neither of these are sufficient. *See* Wright & Miller, *supra*; *see also Brow Art Mgmt., LLC v. Idol Eyes Franchise, LLC*, No. 23-cv-11434, 2024 WL 3851585, at *1 (E.D. Mich. Aug. 16, 2024) ("The Sixth Circuit has not conclusively addressed whether Rule 45(b) requires personal service; however, it has affirmed a district court's order quashing a subpoena where several requirements, including personal service, were not satisfied.") (citing *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552–53 (6th Cir. 2015)).

Also, the subpoena didn't include the method of recording, as Rule 45(a)(1)(B) requires. *See* Doc. 1-3 at 1 (subpoena showing the line for the recording method left blank). In its opposition brief, SRH Holdings argued that the subpoena indicated that the deposition would occur via Zoom, "which is known to have a recording feature." Doc. 3-1 at 5. It then stated, "[i]t is common knowledge, practice and law that deposition testimony will be recorded by a court-certified reporter." *Id*. But the Sixth Circuit has explained that Federal Rules of Procedure, and specifically Rule 45, "were not made to be 'tempered'; they were made to be 'technical.'" *Hill*, 799 F.3d at 553 (rejecting a party's request to "'temper[ ]' the 'technical' [aspects of Rule 45] by interpreting them

2

'through the lens of common sense'"). Moreover, SRH Holdings's argument only confuses the matter—is the Zoom "recording feature" the recording method, or is a court reporter? The subpoena doesn't say, and the difference matters. *See, e.g., Alcorn v. City of Chicago*, 336 F.R.D. 440, 441 (N.D. Ill. 2020) (discussing the issues and problems that can occur when using the Zoom recording feature to record a deposition and the difference between having a court reporter versus a videographer record and certify the Zoom deposition).

At the hearing, Moyer's counsel conceded that SRH Holdings could cure these defects by issuing a new subpoena. Counsel also agreed that leaving a subpoena at a residence *could* suffice for service if SRH Holdings had showed that it tried, and failed, to personally serve the subpoena. And yet SRH Holdings has not issued a new subpoena to cure these defects. Nor did it request alternative service. *See, e.g., Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (commenting that court-sanctioned alternative means of service is proper "only after the plaintiff had diligently to attempted to effectuate personal service and presented proof that sufficient notice would be.").

During the hearing, after I raised this issue, SRH Holdings filed on the docket an "Affidavit of Posting" by a process server. Doc. 6. The process server stated that he tried to personally serve Moyer three times on three different days but was unable to do so. *Id*. Not only did SRH Holdings inexplicably wait too long to reveal this information—Moyer raised insufficient service in his

3

Motion—it didn't request service by alternative means. *See Cartier*, 2008 WL 552855, at *1; *cf. Franklin v. State Farm Fire & Cas. Co.*, No. 09-10947, 2009 WL 3152993, at *2 (E.D. Mich. Sept. 30, 2009) (granting motion for alternative service when the party showed that it couldn't effectuate personal service and requested that the court permit it to serve by certified mail). In short, SRH Holdings has not complied with Rule 45 and it has not attempted to issue a new subpoena or seek approval to serve Moyers using alternative means.

### 2. A deposition would subject Moyer to an undue burden

"Whether a subpoena subjects a witness to undue burden within the meaning of Rule 45[](3)(A)(iv) usually raises a question of the reasonableness of the subpoena." 9A Wright & Miller, Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.). To determine a subpoena's reasonableness, a court balances "the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Id*. A court considers "whether the information is necessary and whether it is available from any other source." *Id*.

Moyer, an Ohio resident, has filed a lawsuit in another unit of this Court against GEICO alleging breach-of-contract-themed claims. *See CM Insurance Services, Inc., et al v. Government Employees Insurance Company et al.*, Case No. 1:23-cv-01801 (N.D. Ohio) (removed from state court September 15, 2023). A former GEICO "captive insurance agent," Moyer signed in 2020 GEICO's Field Representative Agreement. *Id*., Doc. 8 at 2–3. He alleges that GEICO breached their 2020 agreement. *Id*. at 8.

4

SRH Holdings, a Massachusetts company, filed in Massachusetts a lawsuit against GEICO alleging similar claims—that GECIO breached a 2020 Field Representative agreement. *See SRH Holdings, LLC v. Government Employees Insurance Company et al.*, No. 1:23-cv-10325 (D. Mass) (removed from state court February 13, 2023), Doc. 25 at 2–3, 16.

Moyer argues that he has no information that would be relevant to SRH Holdings's claims in its Massachusetts's lawsuit. Doc. 2 at 4. He asserts that the only remaining claims against GEICO in the Massachusetts's lawsuit are breach of contract claims and a Massachusetts statutory claim. Doc. 5, at 2–4. He submits that he has no knowledge or information surrounding SRH Holdings's contract with GEICO, and that his testimony therefore would be irrelevant. Doc. 5 at 2–3 (reply brief); *see* Doc. 1-1 at 1–2 (Moyer declaration).[1]

In opposition to Moyer's motion to compel, SRH Holdings explained that it wants to depose Moyer because "[t]he conduct of GEICO in the application, administration and termination of Mr. Moyer's [Field Representative] agreement are facts which are highly likely to be relevant to the claim which SRH has made arising out of the application, administration and termination of the SRH [Field Representative] agreement." Doc. 3-1 at 4. At the hearing, SHR Holdings's counsel explained that in its Massachusetts case it alleges that GEICO employs a "nationwide playbook" under its 2020 Field Representative

---

[1] At the hearing, SRH Holdings's counsel agreed that Moyer's testimony would not be relevant to its Massachusetts statutory claim.

5

agreements to avoid paying commissions to captive insurance agents. Counsel asserted that deposing Moyer will help it to show that GEICO intentionally breached its agreement with SRH holdings. But counsel failed to describe how learning about GEICO's alleged breach of Moyer's agreement would be relevant to SRH Holdings's claims that GEICO breached SRH Holding's agreement.[2]

Furthermore, SRH Holdings's counsel admitted that there are other agents with GEICO Field Agreements who SRH Holdings has deposed and more who they intend to depose. Moyer's counsel also pointed out that GEICO terminated "every single" Field Agreement in California "so there is a plethora of people"—who have a terminated Field Agreement and who are not suing GEICO—who SRH Holdings could depose. Information SHR Holdings would learn by taking Moyer's deposition is therefore available from many other sources. *See* Wright & Miller, § 2463.1.

Finally, permitting SRH Holdings to depose Moyer would be unduly burdensome to Moyer because it would subject him to two depositions in GEICO's presence. It would also mean that he would have to sit prematurely for SRH Holdings's deposition.

Balancing all of these factors—SRH Holdings's non-compliance with the form and service requirements in Rule 45, the lack of relevancy, the

---

[2] Counsel conceded that the Massachusetts court has dismissed SRH Holding's lack-of-good-faith-and-fair-dealing claim.

cumulativeness, and the burden of two depositions—I found that the factors weighed in favor of granting Moyer's Motion to quash.


Dated: February 11, 2025

                                         */s/ James E. Grimes Jr.*
                                         James E. Grimes Jr.
                                         U.S. Magistrate Judge